## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Juan Jiminez and Josefina Jiminez,

                  Plaintiffs,                  **MEMORANDUM OPINION AND ORDER**

vs.                                              Civil No. 08-901 ADM/JSM

Mortgage Electric Registration Systems, Inc.;
First Franklin Financial Corp.;
Deutsche Bank National Trust Co.;
Universal Mortgage, Inc.; and
Does 1 and 2,

                  Defendants.

___

Thomas B. James, Esq., James Law Office, Cokato, MN, appeared for and on behalf of the Plaintiffs.

Daniel L. Lowin, Esq., Dorsey & Whitney LLP, Minneapolis MN, appeared for and on behalf of the Defendant First Franklin Financial Corp.

___

## I. INTRODUCTION

On August 28, 2008, the undersigned United States District Court Judge heard oral argument on Defendant First Franklin Financial Corp.'s ("First Franklin") Motion to Dismiss [Docket No. 4]. Plaintiffs Juan and Josefina Jiminez (the "Jiminezes") assert seven counts in their Complaint [Docket No. 1]. At the hearing, the Jiminezes voluntarily dismissed Counts Two through Seven as they applied to First Franklin. The remaining count, Count One, alleges First Franklin's violation of the Truth in Lending Act ("TILA") allows them to rescind their mortgage. Compl. ¶¶ 36-45. For the reasons set forth below, this Court grants First Franklin's motion to dismiss on the remaining count.

## II.  BACKGROUND[1]

The Jiminezes jointly own and reside at 165 Litchfield Ave., Litchfield, Minnesota 55355 (legally described as Lot 4, Block 3, Angier's Addition to the City of Litchfield, Meeker County, Minnesota) ("the home").  Id. ¶¶ 3, 26.  First Franklin is a Delaware corporation with its principal place of business in California.  Id. ¶ 5.  On August 15, 2006, the Jiminezes received a phone call from an individual representing Universal Mortgage, Inc. (either Doe 1 or Doe 2) offering them the opportunity to refinance their home with a deal that would lower their interest rate and provide them with $13,000.  Id. ¶ 10.  The Jiminezes accepted the offer and on September 18, 2006, received mortgage refinancing documents stating that the mortgage loan was secured by a mortgage against their home payable to First Franklin.  Id. ¶¶ 14-15.  Among the settlement costs imposed under the mortgage loan was an appraisal fee owed to American Dream Appraisal ("American Dream") for $395.00.  Id. ¶ 27.  This appraisal fee was not included in the Itemization of Amount Financed provided to the Jinimezes in conjunction with their mortgage.  Id. ¶¶ 28-29.  The Jiminezes allege that American Dream Appraisal either did not perform the appraisal or that the appraisal was done without a home inspection causing the appraisal fee to be overstated.  Id. ¶ 32.

By October 13, 2006, the Jiminezes had not received the $13,000 and contacted Doe 1. Id. ¶ 16.  Over the course of the next month, the Jiminezes exchanged phone calls with Does 1 and 2 about the amount of money they would receive for their refinancing and ultimately received a check for approximately $1,700.  Id. ¶¶ 17-19.  Additionally, under the terms of the

---

[1] In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

new mortgage their monthly mortgage payment increased from $1,060 to $1,372.50.  Id. ¶ 22.  The Jiminezes made occasional payments by cashing out Juan Jiminez's 401k plan and getting some financial assistance from Lutheran Social Services but ultimately received a Notice of Foreclosure Sale on February 1, 2008.  Id. ¶¶ 23-26.  On March 29, 2008, the Jiminezes sent a notice of recision to First Franklin.  Id. ¶ 34.

### III.  DISCUSSION

**A.     Motion to Dismiss Standard**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.Twombly, 127 S. Ct. 1955, 1974 (2007).

**B.     Count I: TILA**

The Jiminezes have voluntarily dismissed all of the claims against First Franklin except for the TILA claim.  TILA provides the Jiminezes a right to rescind their mortgage loan if First Franklin failed to accurately disclose the finance charge and the amount financed.  15 U.S.C. §§ 1635(a); 1635(f).  The Jiminezes contend that the appraisal fee should have been included in the

finance charge and allege:

> On information and belief, American Dream Appraisal either did not perform the appraisal, so that the finance charge was overstated in the Settlement Statement by $395.00; or the appraisal was done without a home inspection and the cost of the appraisal was overstated in the Settlement Statement by over $35.00; therefore, the appraisal fee was not bona fide and reasonable in amount within the meaning of 12 C.F.R. § 226.4(c)(7).

Compl. ¶ 32.

First Franklin can exclude the appraisal fee from the finance charge only if the fee is "bona fide and reasonable in amount." Regulation Z, 12 C.F.R. § 226.4(c)(7)(iv). The Jiminezes, however, have alleged no facts to support a claim the appraisal fee was not bona fide or reasonable. To the contrary, the record includes a copy of American Dream's appraisal report,[2] which the Jiminezes' counsel conceded negated the allegation that American Dream did not perform the appraisal. The remaining contention is that the home inspection was not reasonable in amount. Again, the Jiminezes have alleged no facts that a $395 appraisal fee on a property valued at $210,000 was unreasonable. See Morris v. Novastar Mortgage, Inc, 2006 WL 2707349 (W.D. Mo. 2006) (finding that an allegation supported by an affidavit from a Missouri Certified Residential Appraiser that $575 was an unreasonable charge for the appraisal of a typical single-family residence in Kansas City, Missouri was sufficient to survive a motion to dismiss). Additionally, the Jiminezes have not alleged or provided any factual support linking First Franklin to the alleged unreasonable appraisal from American Dream. If anything, the Complaint reveals First Franklin is also the victim of any alleged wrongdoing by American

---

[2] When considering a Motion to Dismiss, the Court may consider "materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations omitted). Also, both parties addressed the report in their arguments.

Dream because an unreasonable appraisal would mean First Financial's investment in the Jiminezes' home would be overvalued.  Accordingly, the Jiminezes have failed to allege sufficient facts to support a claim against First Franklin under TILA and Count I is dismissed.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant First Franklin Finance Corp.'s Motion to Dismiss [Docket No. 4] is **GRANTED**.

BY THE COURT:


   s/Ann D. Montgomery   
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 29, 2008.