# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Juan Jiminez and Josefina Jiminez,　　　　　　　　　　Civil File No. 08-901 ADM/JSM

　　　　　　　　　　Plaintiffs,

v.

**ORDER AND JUDGMENT**

Mortgage Electronic Registration Systems,
Inc., First Franklin Financial Corp.,
Deutsche Bank National Trust Co.,
Universal Mortgage, Inc., and
Does 1 and 2,

　　　　　　　　　　Defendants.

　　　　On May 26, 2009, the undersigned United States District Judge heard oral argument on Plaintiffs' Motion for Default Judgment [Docket No. 43] against Defendant Universal Mortgage, Inc. pursuant to Rule 55 of the Federal Rules of Civil Procedure. No appearance was made by or on behalf of Defendant. The Court having considered Plaintiffs' motion, memorandum of law, the affidavits and exhibits filed in support of the motion, and based upon all the filings and proceedings herein, hereby orders the entry of default judgment against the defendant Universal Mortgage, Inc.

　　　　Plaintiffs have filed a Complaint against Universal Mortgage, Inc. ("Universal Mortgage") and other defendants, alleging violations of the federal Truth In Lending Act, 15 U.S.C. 1601 *et. seq*. ("TILA"), the federal Equal Credit Opportunity Act, 15 U.S.C. §1691 *et. seq*. ("ECOA"), the Minnesota Prevention of Consumer Fraud Act ("MPCFA"), common law fraud, unjust enrichment and unconscionability. The Court has jurisdiction pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §1331, and has pendent jurisdiction over Plaintiffs' state law claims. The Court has previously dismissed all claims against co-defendants First Franklin Financial Corp., Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust

Co. and Does 1 and 2. The only claims now remaining are the Plaintiffs' claims against the defendant Universal Mortgage. Universal Mortgage was served a copy of the Summons and Complaint on August 19, 2008, as evidenced by the Certificate of Service and Service of Process Acknowledgment from the Minnesota Secretary of State that has been filed with this Court. Universal Mortgage has not appeared in this proceeding and the Clerk has entered its default. Due to the defendant Universal Mortgage's default, the factual allegations of the Complaint now are deemed true, and the defendant Universal Mortgage no longer is entitled to notice of a motion for entry of default judgment. Plaintiffs nevertheless have served their notice of motion, motion, memorandum of law, affidavit and exhibits in support of their motion for entry of judgment by default upon Universal Mortgage, by service upon the Minnesota Secretary of State in the manner provided by law. Defendant Universal Mortgage has not responded to the Motion and, as noted, made no appearance at the time of the hearing. Defendant Universal Mortgage is in default and has made no showing that a default judgment is inappropriate in this case. Defendant Universal Mortgage is not an infant, an incompetent person, nor presently in the military service.

As a proximate result of the defendant Universal Mortgage's conduct, Plaintiffs became contractually bound to a contract that provided for a substantially higher monthly payment rather than the lower one the defendant Universal Mortgage promised they would have, and they received a one-time cash payment of only $1,700.00, not $13,000.00, as Universal Mortgage had represented they would receive. The total amount of payments for which they would have been liable to their former mortgagee was not more than $434,000.00. The total amount of payments for which they became liable under the new Mortgage Loan was $481,477.73. Therefore, as a proximate result of the Defendants' conduct, they have incurred an additional contractual

liability of $47,477.73. The Plaintiffs are entitled to an award of compensatory damages against the defendant Universal Mortgage for damages caused by the defendant Universal Mortgage's violations of the Plaintiffs' rights under the Truth In Lending Act, the Equal Credit Opportunity Act and the Minnesota Prevention of Consumer Fraud Act, in the amount of $45,777.73, calculated as follows:

| | |
|---|---|
| $47,477.73 | (additional mortgage payments the Plaintiffs were induced to undertake) |
| - $1,700.00 | (cash payment Plaintiffs received under the new mortgage.) |
| $45,777.73 | (total) |

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Default judgment in favor of the Plaintiffs Juan Jiminez and Josefina Jiminez against the defendant Universal Mortgage, Inc. in the amount of $45,777.73 is **GRANTED**;

2. Defendant Universal Mortgage, Inc. is permanently enjoined from conduct that violates the Truth In Lending Act, 15 U.S.C. 1601 *et. seq.*, the Equal Credit Opportunity Act, 15 U.S.C. §1691 *et. seq.*, and the Minnesota Prevention of Consumer Fraud Act;

3. Plaintiffs are entitled to recovery of their reasonable attorney fees, costs and disbursements, in an amount to be established by motion and submission of a bill of costs pursuant to the Federal Rules of Civil Procedure and Local Rules.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

   s/Ann D. Montgomery   
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 14, 2009.